UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LUTHER WOODS,**

Petitioner,

v.  Case No: 6:16-cv-652-Orl-28TBS

**SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,**

Respondents.
_____/

## ORDER

This case is before the Court on Petitioner Luther Woods' Second Amended Petition for Writ of Habeas Corpus ("Second Amended Petition," Doc. 10) pursuant to 28 U.S.C. § 2254. Respondents filed a Response to the Second Amended Petition ("Response," Doc. 24) in accordance with this Court's instructions. Petitioner filed a Reply to the Response ("Reply," Doc. 31).

Petitioner asserts seven grounds for relief. For the following reasons, the Second Amended Petition is denied.

### I. Procedural History

Petitioner was charged with robbery with a firearm (Count One), possession of a firearm by a convicted felon (Count Two), and grand theft (Count Three). (Doc. 26-7 at 34-36). A jury found Petitioner guilty of Counts One and Three. (Doc. 26-6 at 35). The State *nol prossed* Count Two. (*Id.* at 67). The trial court sentenced Petitioner to a twenty-five year term of imprisonment for Count One and to a concurrent five-year term of imprisonment for Count Three. (Doc. 26-9 at 46-48). Petitioner appealed, and the Fifth District Court of Appeal of Florida ("Fifth DCA")

affirmed *per curiam.* (Doc. 26-10 at 58).

Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, which he amended after the state court struck several claims with leave to amend. (*Id.* at 62-78; Doc. 26-11 at 2-8). The state court denied the amended motion. (*Id.* at 12-18). Petitioner appealed, and the Fifth DCA affirmed *per curiam.* (Doc. 26-12 at 6).

Petitioner filed a state habeas petition. (*Id.* at 18-43). The Fifth DCA summarily denied the petition. (Doc. 26-13 at 2).

## II. LEGAL STANDARDS

### A. Standard Of Review Under The Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the Supreme Court of the United States "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.*

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B. Standard For Ineffective Assistance Of Counsel

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. ANALYSIS

#### A. Grounds One, Two, Three, and Six

In ground one, Petitioner contends that he was convicted under section 813.12 of the Florida Statutes, which was never signed into law by the Governor. (Doc. Nos. 10 at 5; 10-1 at 1). In ground two, Petitioner contends that the state court failed to instruct the jury on an agreed upon lesser-included instruction. (Doc. Nos. 10 at 7; 31 at 3-4). Petitioner further argues in ground three that the State failed to prove that an actual firearm was used, a required element of the offense of robbery with a firearm. (Doc. Nos. 10 at 8; 31 at 4). In ground six, Petitioner asserts evidence that was not included in the search warrant was admitted improperly at trial. (Doc. Nos. 10 at 16; 10-1 at 47).

One procedural requirement precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-43 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, 28 U.S.C. § 2254 provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), *holding modified by Martinez v. Ryan*, 566 U.S. 1 (2012). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Id.* at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard*, 404 U.S. at 275-76) (internal quotation marks omitted). The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a

similar state law claim. *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998). Furthermore, "[i]n Florida, exhaustion usually requires not only the filing of a Rule 3.850 motion, but an appeal from its denial." *Leonard v. Wainwright*, 601 F.2d 807, 808 (5th Cir. 1979) (citing *Lee v. Wainwright*, 468 F.2d 809, 810 (5th Cir. 1972)).

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Id.* The Supreme Court of the United States has also held that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim. . ." when (1) "the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to *Strickland*. *Martinez*, 132 S. Ct. at 1318. In such instances, the prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* Finally, to establish "prejudice" so as to warrant review of a procedurally defaulted claim, a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, in which a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623

(1998). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

The record establishes that Petitioner did not raise grounds one, two, or three in the state court. With respect to ground six, Petitioner raised a similar ground in his initial Rule 3.850 motion, but the state court struck the ground with leave to amend. (Doc. 26-11 at 3). Petitioner, however, chose not to amend this ground and expressly deleted it from his Rule 3.850 motion. *See* Doc. Nos. 26-11 at 6, 14. Thus, these grounds were not exhausted and are procedurally barred absent application of one of the exceptions.

Petitioner has not established cause and prejudice or actual innocence to overcome his procedural default of grounds one, two, three, and six. To the extent Petitioner contends he has demonstrated cause for his procedural default of these grounds pursuant to *Martinez*, *see* Doc. 31 at 6, he did not raise these grounds as claims of ineffective assistance of trial counsel in this Court. Therefore, *Martinez* is not applicable. Moreover, to the extent Petitioner intended to raise any of these grounds as claims of ineffective assistance of trial counsel, he has not established that they are substantial. There is no indication that section 813.12 of the Florida Statutes was not enacted into law. Moreover, the evidence in this case was more than sufficient to support Petitioner's convictions. An eyewitness identified Petitioner as the perpetrator, and witnesses testified that Petitioner carried a firearm during the robbery. Furthermore, Petitioner's shoe print was consistent with a partial shoe print taken from the bank counter upon which the perpetrator jumped during the offenses, and Petitioner's cellphone calls placed him in the vicinity of the bank at the time of the offenses. Consequently, to the extent Petitioner intended any of these grounds to assert

ineffective assistance of trial counsel, prejudice did not result from counsel's purported deficient performance in failing to raise these matters. Therefore, grounds one, two, three, and six are procedurally barred from review by this Court.

B. Ground Four

Petitioner asserts prosecutorial misconduct occurred based on the prosecutor's closing argument. (Doc. 10 at 16). Specifically, Petitioner complains that the prosecutor improperly told the jury that Kevin Krause ("Krause"), a probation officer, was a law enforcement officer and bolstered and vouched for the credibility of the witnesses. (*Id.*). Petitioner further argues that the State made statements to bolster and vouch for the testimony of Ruby Toledo ("Toledo"), the eyewitness who identified Petitioner. (Doc. 10-1 at 44).

Initially, the Court notes that Petitioner raised this ground in his Second Amended Petition solely as a claim of prosecutorial misconduct. He did not raise this ground in the state court. Consequently, it is procedurally barred from review because Petitioner has not established cause or prejudice or actual innocence to overcome the default. Petitioner, however, did raise in his Rule 3.850 motion a claim of ineffective assistance of counsel premised on counsel's failure to object to the prosecutor's closing argument. In an abundance of caution, the Court will consider ground four as raised in the state court.

The state court denied relief pursuant to *Strickland*. (Doc. 26-11 at 16-17). The state court reasoned that Petitioner failed to demonstrate the prosecutor's comments resulted in prejudice. (*Id.* at 17).

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland*. "To warrant reversal of a verdict[,] prosecutorial misconduct must be so pronounced and persistent that it permeates the entire atmosphere of the trial." *United States v. Thomas*, 8 F.3d 1552, 1561 (11th Cir. 1993) (citing *United States v. McLain*, 823 F.2d 1457, 1462 (11th Cir.

1987)). "Specifically, a prosecutor's remark during closing argument must be both improper and prejudicial to a substantial right of the defendant." *Id.* (citing *United States v. Bascaro*, 742 F.2d 1335, 1353 (11th Cir. 1984)). In determining whether the prosecutor's remarks warrant habeas relief, the proper inquiry is "whether the improper remarks were of sufficient magnitude to undermine confidence in the jury's decision. If a reviewing court is confident that, absent the improper remarks, the jury's decision would have been no different, the proceeding cannot be said to have been fundamentally unfair." *Tucker v. Kemp*, 802 F.2d 1293, 1296 (11th Cir. 1986). "[A]n attorney is allowed to argue reasonable inferences from the evidence and to argue credibility of witnesses or any other relevant issue so long as the argument is based on the evidence." *Miller v. State*, 926 So. 2d 1243, 1254-55 (Fla. 2006) (citing *Craig v. State*, 510 So. 2d 857, 865 (Fla. 1987)).

In the instant case, the prosecutor did not disclose to the jury that Krause was a law enforcement officer. Although the prosecutor referred to Krause once as "Officer Krause", it is clear that the prosecutor was referring to Officer James but unintentionally used Krause's name. *See* Doc. 26-5 at 112 (the prosecutor arguing that Officer James stopped Petitioner's vehicle and describing the stop). Considering the misstatement in the context of the argument, it is clear the prosecutor was not referring to Krause. Likewise, although the prosecutor subsequently began to refer to Krause as an officer, she quickly corrected herself and referred to him as "Mr. Krause". (*Id.*). With respect to the prosecutor's argument that Toledo identified Petitioner as the perpetrator "positively 100%," this statement was a reasonable inference that could be drawn from the evidence. Toledo testified that she recognized Petitioner immediately in the photographic line-up and was pretty certain when she picked him from the line-up. (Doc. 26-3 at 25). She again identified Petitioner at trial as the perpetrator, indicating she was "very certain." (*Id.* at 28). Finally, the trial court instructed the jury that what the attorneys said was not evidence and that they had

to rely on the evidence presented in reaching a verdict. (Doc. Nos. 26-5 at 109; 26-6 at 14, 18). In sum, counsel was not deficient for failing to object to the prosecutor's statements in closing argument and a reasonable probability does not exit that the outcome of the trial would have been different had counsel done so. Accordingly, to the extent ground four was exhausted, it is denied pursuant to § 2254(d).

C. Ground Five

Petitioner asserts counsel rendered ineffective assistance by failing to move to suppress the evidence obtained from the search of his home. (Doc. 10-1 at 45). According to Petitioner, the search warrant was improperly issued because it was premised on the affidavit of Detective Tello, who was not a credible witness. (*Id.* at 45-46). Petitioner further contends that the search warrant was not filed with the clerk of court as required by Florida Rule of Criminal Procedure 3.030. (*Id.* at 46).

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief pursuant to *Strickland*. (Doc. 26-11 at 13). The state court reasoned that Petitioner failed to demonstrate prejudice because he had not shown that the search warrant was issued without probable cause or was without legal authority. (*Id.*).

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland*. Under Florida law, "[n]o warrant shall be issued for the search of any private dwelling . . . except on sworn proof by affidavit of some creditable witness that he or she has reason to believe that one of said conditions exists, which affidavit shall set forth the facts on which such reason for belief is based." Fla. Stat. Ann. § 933.18 (2017). "The statute does not require the creditable witness to 'have knowledge' or 'know that the conditions exist.'" *State v. Wolff*, 310 So. 2d 729, 731 (Fla. 1975). "[A]n affidavit for a search warrant of a dwelling may be constitutionally

based on hearsay information and need not reflect the direct personal observations of the affiant." *Id.* at 733 (citing *Jones v. United States*, 362 U.S. 257 (1960)). Therefore, Detective Tello did not have to be a witness himself to the offenses and was allowed to use reliable hearsay evidence in the affidavit in support of the search warrant.

Furthermore, pursuant to Florida law, "[a] search warrant shall be deemed to be issued by a judge at the time the judge affixes the judge's signature or electronic signature to the warrant." Fla. Stat. Ann. § 933.07(4) (2017). This Court has located no legal requirement that a search warrant is invalidated if it is not filed with the clerk of court. Counsel, therefore, was not deficient for failing to move to suppress the evidence obtained during the search.

Finally, as noted *supra*, the evidence against Petitioner was substantial and included an eyewitness identification. Therefore, a reasonable probability does not exist that the outcome of the trial would have been different had counsel moved to suppress the evidence based on the purported illegal search warrant. Accordingly, ground five is denied pursuant to § 2254(d).

### D. Ground Seven

Petitioner contends trial error occurred based on the State eliciting inadmissible hearsay testimony. (Doc. 10 at 16). In support of this ground, Petitioner argues Detective Tello improperly testified that he did not have a suspect until he received a telephone call from another robbery detective who gave him Petitioner's name and telephone number. (Doc. 10-1 at 47-48).

The record establishes that Petitioner did not raise ground seven as a claim of trial error in the state court. Thus, this ground as raised in the Second Amended Petition was not exhausted and is procedurally barred absent application of one of the exceptions. Petitioner has not established cause and prejudice or actual innocence to overcome his procedural default of ground seven. To the extent Petitioner contends he has demonstrated cause for his procedural default pursuant to

*Martinez, see* Doc. 31 at 6, he did not raise this ground in this Court as a claim of ineffective assistance of trial counsel. Therefore, *Martinez* is not applicable.

To the extent Petitioner intended to raise ground seven as a claim of ineffective assistance of trial counsel, he raised this ground in the state court and it was exhausted. The state court determined that prejudice did not result from counsel's failure to object to Detective Tello's testimony. (Doc. 26-11 at 16).

Petitioner has not established that the state court's denial of the ineffective assistance of counsel claim is contrary to, or an unreasonable application of, *Strickland*. The evidence against Petitioner was substantial. Consequently, a reasonable probability does not exist that the outcome of the trial would have been different had counsel objected to Detective Tello's testimony even assuming it was inadmissible hearsay, a finding not made by the Court. Accordingly, ground seven is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner demonstrates "that jurists of reason would find it debatable whether the petition states

a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The Second Amended Petition (Doc. 10) is **DENIED**, and this case is **DISMISSED with prejudice.**
2. Petitioner's Motion to Compel/Mandamus (Doc. 36) is **DENIED**.
3. Petitioner is **DENIED** a Certificate of Appealability.
4. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on September 18, 2017.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party